FILED JUN 16 2016

SHIRLEY E. FAUST CLERK

_____ Deputy

John Morrison
Linda M. Deola
MORRISON SHERWOOD WILSON DEOLA PLLP
401 N. Last Chance Gulch · P.O. Box 557
Helena, MT 59624-0557
Telephone: (406) 442-3261
john@mswdlaw.com
ldeola@mswdlaw.com

John Heenan
BISHOP & HEENAN
1631 Zimmerman Trail
Billings, Montana 59102
Telephone:  (406) 839-9091
john@bishopandheenan.com

*Attorneys for Plaintiffs*

## MONTANA FOURTH JUDICIAL DISTRICT COURT, MISSOULA COUNTY

| | |
|---|---|
| THE DEPOT, INC., a Montana Corporation, UNION CLUB BAR, INC., a Montana Corporation, TRAIL HEAD, INC., a Montana Corporation, ED WELLS and DOUG HUTCHEON, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CARING FOR MONTANANS, INC., F/K/A BLUE CROSS AND BLUE SHIELD OF MONTANA, INC., HEALTH CARE SERVICE CORP., and JOHN DOES I-X,<br><br>Defendants. | CAUSE NO. DV-16-521<br>Leslie Halligan Dept. 1<br><br>**COMPLAINT**<br>***PUTATIVE CLASS ACTION***<br>**AND DEMAND FOR JURY TRIAL** |

COME NOW the Plaintiffs, by and through the undersigned, and for their Complaint, state and allege as follows:

PAGE 1

## SUMMARY OF CASE

1. Blue Cross and Blue Shield of Montana, Inc., now renamed Caring for Montanans, Inc., (hereinafter "BCBSMT") engaged in improper medical premium billing, charging consumers padded premiums that included undisclosed amounts exceeding the medical premium and kickbacks to an association that marketed the plan to its members. In doing so, BCBSMT violated Plaintiffs' rights and caused them damage, giving rise to causes of action grounded in state common law.

## PARTIES AND JURISDICTION

2. At material times, Plaintiffs The Depot, Inc., (Depot), Union Club Bar, Inc., (Union Club) and Trail Head, Inc. (Trail Head), are and were Montana Corporations; all maintain their principal places of business in Missoula, Montana, and all paid premiums for, received, and provided to their employees health insurance coverage that was sold by BCBSMT. They are sometimes referred to collectively herein as "Plaintiff employers." The health insurance was marketed through the Montana Chamber of Commerce, a membership association ("the Chamber"), and the arrangement was known as the "Chamber Choices" health insurance program. At material times, Plaintiffs Ed Wells (Wells) and Doug Hutcheon (Hutcheon) were among the individuals covered under Chamber Choices health insurance coverage sold by BCBSMT to Plaintiff employers. They are sometimes referred to collectively herein as "Plaintiff employees."

3. At all material times, Plaintiff Ed Wells was and is a citizen of Missoula County.

4. At all material times, Plaintiff Doug Hutcheon was and is a citizen of Missoula County.

5. At all times material hereto, Blue Cross and Blue Shield of Montana, Inc. ("BCBSMT") was an independent Montana health services corporation doing business in the State of Montana. On July 31, 2013, as part of the transaction described below, the name of BCBSMT was changed to Caring for Montanans, Inc (CFM).

6. On July 31, 2013, Health Care Service Corp. ("HCSC") acquired the existing health insurance business of BCBSMT. Under the terms of the transaction, HCSC left the public assets of BCBSMT in BCBSMT, which the same day changed its name to CFM. Applicable law required the fair market value of these assets at the time of the transaction to be donated to a charitable entity, § 50-4-701, *et seq.*, MCA. Under the terms of the transaction, however, HCSC purported to leave the future contingent legal liabilities of BCBSMT in CFM, to be paid out of the aforementioned public assets before said assets are donated to the charitable entity. HCSC paid no consideration to BCBSMT or CFM in return for CFM's assumption of these liabilities.

## FACTUAL BACKGROUND

7. From approximately 2004 through 2014, BCBSMT charged employers participating in Chamber Choices surcharge amounts in excess of the medical premium, which amounts it used to pay unlawful kickbacks to the Chamber. Plaintiff employers were among these employers during certain material years. Plaintiff employees were covered under Plaintiff employers' Chamber Choices health plans and paid a portion of the excessive premiums charged by BCBSMT. The excess surcharges, which BCBSMT called "external rates," were embedded in the monthly premium and were not disclosed during at least the years 2008 through the end of 2011. BCBSMT paid the kickbacks in order to secure business for itself despite the fact such conduct was contrary to the interests of and harmful to Plaintiffs. At material times, BCBSMT's

"external rates" also included amounts used to pay for additional insurance products in a manner that was not disclosed to or approved by Plaintiffs. BCBSMT also developed and utilized "internal rates" which represented the actual cost of the medical premium for which BCBSMT was providing insurance benefits to the members, spouses, and dependents covered by the association plans.

8. At all times material hereto, BCBSMT was party to small employer health insurance contracts with employers, including Plaintiff employers, which purchased Chamber Choices health insurance coverage. Individuals covered under these health insurance contracts, including Plaintiff employees, were intended third-party beneficiaries of the contracts. The contracts required Plaintiffs to pay health insurance premiums in return for health insurance coverage provided by BCBSMT. An implied term of each Chamber Choices health insurance contract was that the amount charged and collected by BCBSMT as the health insurance premium was the medical premium — BCBSMT's "internal rate" — and not other extra charges for making illegal kickback payments or for purchasing other products that the Plaintiffs had not requested or authorized.

9. On February 10, 2014, following a market conduct exam, the Montana Commissioner of Securities and Insurance imposed a $250,000 fine against BCBSMT for illegal insurance practices, including improper medical premium billing and kickbacks, also called "rebates." This was the first time that the public was made aware of BCBSMT's afore described conduct.

10. BCBSMT concealed and did not disclose its misconduct, thus tolling applicable limitation periods relating to the claims presented herein until such time as BCBSMT's conduct was discovered and exposed by the Insurance Commissioner.

11.   Under Montana law governing corporate succession and Montana's conversion law, § 50-4-701, et seq., MCA, HCSC was required to assume the liabilities of BCBSMT as part of the transaction in which it acquired and continued doing business as BCBSMT and is liable for the relief sought herein by Plaintiffs and the putative class.

## COUNT I – BREACH OF CONTRACT

12.   Plaintiffs incorporate by reference all prior allegations.

13.   By embedding in the Chamber Choices monthly premium bills extra surcharges in excess of the medical premium for the purpose of making illegal kickback payments or for purchasing other products that the Plaintiffs and the Class had not requested or authorized, BCBSMT violated the implied term of the Chamber Choices contracts that the amount charged and collected as the health insurance premium was the medical premium exclusive of other charges. BCBSMT thereby breached the contracts.

14.   As a result of BCBSMT's breaches, Plaintiffs and the Class suffered economic losses and are entitled to appropriate relief.

15.   Either or both of the Defendants is/are the legal successor to BCBSMT and is/are therefore liable for BCBSMT's breach of contract and Defendant HCSC is directly liable for its own breach of contract as to conduct that occurred after the transaction.

## COUNT II - BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

16.   Plaintiffs incorporate by reference all prior allegations.

17.   The contracts between BCBSMT and Plaintiff Employers contained an implied covenant of good faith and fair dealing that required BCBSMT to act with honesty in fact and in accordance with reasonable commercial standards.

18.   By embedding in the Chamber Choices monthly premium bills extra surcharges in excess of the medical premium for the purpose of making illegal kickback payments or for purchasing other products that the Plaintiffs and the Class had not requested or authorized, by misleading Plaintiffs and the Class and concealing its conduct and by serving its own interests at the expense of Plaintiffs and the Class, BCBSMT breached the implied covenant of good faith and fair dealing.

19.   As a result of BCBSMT's breaches, Plaintiffs and the Class suffered economic losses and are entitled to appropriate relief.

20.   Either or both of the Defendants is/are the legal successor to BCBSMT and is/are therefore liable for BCBSMT's breach of the implied covenant of good faith and fair dealing and Defendant HCSC is directly liable for its own breach of the implied covenant and fair dealing as to conduct that occurred after the transaction.

## COUNT III – NEGLIGENT MISREPRESENTATION

21.   Plaintiffs incorporate by reference all prior allegations.

22.   By acting as described herein, BCBSMT committed negligent misrepresentation; to wit, BCBSMT (1) supplied false information in the course of its business, (2) failed to exercise reasonable care in communicating the information; (3) Plaintiffs and the Class justifiably relied on the false information, which caused the their financial losses; (4) Plaintiffs and the Class are part of a limited group of persons for whose benefit and guidance the Defendant intended to supply the information; and (5) Plaintiffs and the Class relied on the information in transactions that the Defendant knew the information would influence.

23.   As a result of BCBSMT's negligent misrepresentation, Plaintiffs and the Class suffered economic losses and are entitled to appropriate relief.

24. Either or both of the Defendants is/are the legal successor to BCBSMT and is/are therefore liable for BCBSMT's negligent misrepresentation and Defendant HCSC is directly liable for its own negligent misrepresentation as to conduct that occurred after the transaction.

### COUNT IV – BREACH OF FIDUCIARY DUTY

25. Plaintiffs incorporate by reference all prior allegations.

26. BCBSMT owed Plaintiffs and the Class fiduciary duties.

27. By embedding in the Chamber Choices monthly premium bills extra surcharges in excess of the medical premium for making illegal kickback payments or for purchasing other products that the Plaintiffs and the Class had not requested or authorized, by misleading Plaintiffs and the Class and concealing its conduct and by serving its own interests at the expense of Plaintiffs and the Class, BCBSMT breached their fiduciary duties to Plaintiffs and the Class.

28. As a result of BCBSMT's breaches, Plaintiffs and the Class have suffered economic losses and are entitled to appropriate relief.

29. Either or both of the Defendants is/are the legal successor to BCBSMT and is/are therefore liable for BCBSMT's breach of fiduciary duty and Defendant HCSC is directly liable for its own breach of fiduciary duty as to conduct that occurred after the transaction.

### COUNT V – UNJUST ENRICHMENT

30. Plaintiffs incorporate by reference all prior allegations.

31. To the extent BCBSMT embedded in the Chamber Choices monthly premium bills extra surcharges in excess of the medical premium for making illegal kickback payments or for purchasing other products that the Plaintiffs and the Class had

not requested or authorized, while misleading Plaintiffs and the Class, concealing its conduct and serving its own interests at the expense of Plaintiffs and the Class, BCBSMT has unjustly been enriched to the same extent.

32. BCBSMT should be disgorged of any and all illegal or excessive premiums collected, and such funds returned to Plaintiffs and the Class.

33. Either or both of the Defendants is/are the legal successor to BCBSMT and is/are therefore liable for BCBSMT's unjust enrichment and Defendant HCSC is directly liable for its own unjust enrichment as to conduct that occurred after the transaction.

## COUNT VI – CONSUMER PROTECTION ACT.

34. Plaintiffs incorporate by reference all prior allegations.

35. BCBSMT's conduct constitutes a general unfair trade practice under MCA Title 30, entitling Plaintiffs and the Class to treble damages and their reasonable attorney's fees.

36. Either or both of the Defendants is/are the legal successor to BCBSMT and is/are therefore liable for BCBSMT's violation of the Consumer Protection Act and Defendant HCSC is directly liable for its own violation of the Consumer Protection Act as to conduct that occurred after the transaction.

## CLASS ALLEGATIONS

37. Plaintiffs bring this action on their own behalf and on behalf of a class of persons similarly situated pursuant to Rule 23, Montana Rules of Civil Procedure.

38. The Class is comprised of all persons who satisfy the following criteria: all Montana consumers who were insured by BCBSMT under a "Chamber Choices" insurance policy and who made premium payments that included surcharges in excess

of the medical premium that were used to make unlawful kickback payments or for other insurance products, within the applicable limitations periods.

39.  The Class is so numerous that joinder of all members is impracticable. The Complaint concerns a routine insurance billing practice as set forth above. There are questions of law or fact common to the Class. BCBSMT's practice of embedding in the monthly premium surcharges in excess of the medical premium involved the same monthly surcharges in the same amounts for all members of the Class. Therefore, the common questions include whether this conduct met the elements of each of the common law causes of action delineated above. The claims of Plaintiffs are typical of those of the Class. All claims of Plaintiffs and the Class are based upon the same factual and legal theories.

40.  Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have no interest antagonistic to those of the Class. Plaintiffs' counsel are competent and experienced in consumer class actions.

41.  BCBSMT has acted on grounds generally applicable to the Class, thereby making final relief and declaratory relief appropriate with respect to the Class as a whole.

42.  The questions of law and fact common to the Class predominate over any question affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Class members are consumers who may be unable to locate or afford attorneys. Most are probably unaware that their rights under Montana law have been violated. The amounts of actual losses per consumer, while not insignificant to a consumer, are generally

small, and thus a consumer class action is particularly well-suited to address violations and for recovery by the Class.

43. The Class may be certified under Rule 23(b)(3), Mont. R. Civ. P., as such represents a superior method for the fair and efficient adjudication of this controversy in that:

(a) Most of the Class members are not aware of their rights and have no knowledge that their rights have been violated.

(b) The interest of class members individually controlling the prosecution of separate claims is small because of the limited losses per consumer.

(c) Management of this class action is not likely to present significant difficulties.

(d) Defendants acted on grounds generally applicable to the Class thereby making appropriate final injunctive and declaratory relief with respect to the Class as a whole.

(e) Certification of a class under Rule 23 of the Montana Rules of Civil Procedure is appropriate in that Defendants have acted on grounds generally applicable to the Class thereby making appropriate declaratory relief with respect to the Class as a whole.

44. Plaintiffs request certification of a class action.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the putative class, respectfully requests the following relief against Defendants:

a. That this honorable Court certify the Class and appoint Plaintiffs class representatives and its attorneys as class counsel;

b.  Repayment of all amounts charged by BCBSMT and paid by Chamber Choices consumers in excess of the medical premium as alleged above, costs and attorneys fees;

c.  An order of disgorgement and/or restitution, and/or other appropriate equitable relief;

d.  Pre-judgment interest to the extent permitted by law; and

e.  Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, M. R. Civ. P., Plaintiffs hereby demand a trial by jury of the issues triable by right by jury.

Dated this 14 day of June, 2016.

MORRISON SHERWOOD WILSON DEOLA PLLP
BISHOP & HEENAN

John Morrison
Linda M. Deola
John Heenan
*Attorneys for Plaintiffs*