FILED
05/31/2019
*Shirley Faust*
CLERK
Missoula County District Court
STATE OF MONTANA
By: Latishia Kennedy
DV-32-2016-0000521-BC
Halligan, Leslie
2.00

John Morrison
Linda M. Deola
MORRISON SHERWOOD WILSON DEOLA PLLP
401 N. Last Chance Gulch · P.O. Box 557
Helena, MT 59624-0557
Telephone: (406) 442-3261
john@mswdlaw.com
ldeola@mswdlaw.com

John Heenan
BISHOP & HEENAN
1631 Zimmerman Trail
Billings, Montana 59102
Telephone:  (406) 839-9091
john@bishopandheenan.com

*Attorneys for Plaintiffs*

## MONTANA FOURTH JUDICIAL DISTRICT COURT, MISSOULA COUNTY

| | |
|---|---|
| THE DEPOT, INC., a Montana Corporation, UNION CLUB BAR, INC., a Montana Corporation, TRAIL HEAD, INC., a Montana Corporation, ED WELLS and DOUG HUTCHEON, on behalf of themselves and all those similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>CARING FOR MONTANANS, INC., F/K/A BLUE CROSS AND BLUE SHIELD OF MONTANA, INC., HEALTH CARE SERVICE CORP., and JOHN DOES I-X,<br><br>          Defendants. | **CAUSE NO. DV-16-521**<br><br><br>**AMENDED COMPLAINT PUTATIVE CLASS ACTION AND DEMAND FOR JURY TRIAL** |

COME NOW the Plaintiffs, by and through the undersigned, and for their Complaint, state and allege as follows:

## SUMMARY OF CASE

1.    Defendants sold "Chamber Choices" health insurance plans to Plaintiffs through a marketing program promoted by the Montana Chamber of Commerce.  In the course of negotiations surrounding the sale of the plans, and before the plans became effective, Defendants established and represented charges for the plans that included undisclosed amounts exceeding the premium applicable to the insurance, which it secretly used to pay kickbacks to the Chamber as a marketing incentive.  This practice violated standards of ordinary and reasonable care in the insurance industry for setting premium rates and misled Plaintiffs and other similar consumers who justifiably believed that the charges reflected the premium for the insurance.  In doing so, Defendants violated Plaintiffs' rights and caused them damage, giving rise to causes of action grounded in state common law.

## PARTIES AND JURISDICTION

2.    At material times, Plaintiffs The Depot, Inc., (Depot), Union Club Bar, Inc., (Union Club) and Trail Head, Inc. (Trail Head), are and were Montana Corporations; all maintain their principal places of business in Missoula, Montana, and all paid premiums for, received, and provided to

their employees health insurance coverage that was sold by Defendants.

They are sometimes referred to collectively herein as "Plaintiff Employers."

The health insurance was marketed through the Montana Chamber of

Commerce, a membership association ("the Chamber"), and the

arrangement was known as the "Chamber Choices" health insurance

program.  At material times, Plaintiffs Ed Wells (Wells) and Doug Hutcheon

(Hutcheon) were among the individuals covered under Chamber Choices

health insurance coverage sold by Defendants to Plaintiff Employers.  They

are sometimes referred to collectively herein as "Plaintiff Employees."

3.     At all material times, Plaintiff Ed Wells was and is a citizen of

Missoula County.

4.     At all material times, Plaintiff Doug Hutcheon was and is a

citizen of Missoula County.

5.     At material times prior to July 31, 2013, Blue Cross and Blue

Shield of Montana, Inc. ("BCBSMT") was an independent Montana health

services corporation doing business in the State of Montana.  On July 31,

2013, as part of the transaction described below, the name of BCBSMT

was changed to Caring for Montanans, Inc (CFM), the Defendant so named

above.

6.     On July 31, 2013, Defendant Health Care Service Corp.

("HCSC") acquired the existing health insurance business of BCBSMT and

the name "Blue Cross and Blue Shield of Montana" for purposes of doing

business in Montana.  ("the Transaction") Under the terms of the

Transaction, HCSC left the public assets of BCBSMT in CFM.  Applicable

law required the fair market value of these assets at the time of the

Transaction to be donated to a charitable entity, § 50-4-701, *et seq.*, MCA.

However, HCSC also left the future contingent legal liabilities of BCBSMT

in CFM to be paid out of the aforementioned public assets before said

assets are donated to the charitable entity.  HCSC paid no consideration to

BCBSMT or CFM in return for CFM's assumption of these liabilities.[1]

## FACTUAL BACKGROUND

7.      From approximately 2004 through 2014, BCBSMT established

and represented to employers purchasing Chamber Choices health

insurance policies premium charges that included specific amounts in

excess of the premium applicable to the insurance (the "medical premium"),

which amounts it used to pay unlawful kickbacks to the Chamber.  Plaintiff

Employers were among these employers during certain material years and

paid all or part of the premium charges for Chamber Choices coverage

including the amounts in excess of the medical premium.  Plaintiff

---

[1] For clarity and ease of reference, since the storefront of the insurer did not change, the term "BCBSMT" is used to describe the conduct of Blue Cross Blue Shield of Montana, Inc. n/k/a CFM before the transaction, and HCSC d/b/a Blue Cross Blue Shield of Montana after the transaction.

Employees were covered under Plaintiff Employers' Chamber Choices

health plans and also paid a portion of the premiums charged by BCBSMT

including the amounts in excess of the medical premium. The charges in

excess of the medical premium, which BCBSMT called "external rates,"

were embedded in the premium and were concealed during at least the

years 2008 through the end of 2011 and not effectively disclosed during the

years 2012-2014. BCBSMT secretly paid the kickbacks in order to secure

business for itself despite the fact such conduct was illegal and contrary to

the interests of and harmful to Plaintiffs. At material times, BCBSMT's

"external rates" also included amounts used to pay for additional insurance

products in a manner that was not disclosed to or approved by Plaintiffs.

BCBSMT also developed and utilized "internal rates" which represented the

actual cost of the medical premium for which BCBSMT was providing

insurance benefits to the members, spouses, and dependents covered by

the association plans.

      8.    During the negotiations between BCBSMT and Plaintiff

Employers, including prior to each annual renewal, BCBSMT expressly or

impliedly misrepresented the Chamber Choices premium charges as the

medical premium — BCBSMT's "internal rate" — and concealed or failed to

properly disclose the fact that the premium charges included extra charges

that it imposed for purposes of making illegal kickback payments or for

purchasing other products that the Plaintiffs had not requested or authorized. In deciding to purchase Chamber Choices health insurance, Plaintiffs justifiably relied on these express and/or implied misrepresentations.

9.     On February 10, 2014, following a market conduct exam, the Montana Commissioner of Securities and Insurance imposed a $250,000 fine against BCBSMT for illegal insurance practices, including improper medical premium billing (in violation of § 33-18-212, MCA) and kickbacks, also called "rebates" (in violation of § 33-18-208, MCA). Neither CFM nor HCSC challenged the findings of the Insurance Commissioner and the fine was paid out of the public assets that HCSC had left behind in CFM as part of the Transaction.[2] Publication of this finding and fine was the first time that the public was made aware of BCBSMT's afore described conduct. Plaintiffs did not actually learn these facts until more than two years later.

10.    BCBSMT concealed and did not disclose its misconduct, thus tolling applicable limitation periods relating to the claims presented herein until such time as BCBSMT's conduct was discovered and exposed by the

---

[2] BCBSMT's violations of §§ 33-18-208 and 212, MCA, bear upon Plaintiffs' common law claims asserted herein. See *Williams v. Union Fid. Life Ins. Co.*, 2005 MT 273, ¶30, 329 Mont. 158, 123 P.3d 213.

Insurance Commissioner or until such later time as Plaintiffs received actual notice.

11.     Under Montana law governing corporate succession and Montana's conversion law, § 50-4-701, et seq., MCA, HCSC was required to assume the liabilities of BCBSMT as part of the Transaction in which it acquired and continued doing business as BCBSMT and is liable for the relief sought herein by Plaintiffs and the putative class.  Alternatively, HCSC is liable for the damages caused by its own conduct as described herein after the Transaction and CFM is liable for the conduct of BCBSMT prior to the Transaction.

## COUNT I – GENERAL NEGLIGENCE

12.     Plaintiffs incorporate by reference all prior allegations.

13.     The standard of ordinary and reasonable care in the setting of health insurance premium charges requires setting the premium based on the cost of the insurance itself, which is known as the "medical premium," and in an amount that is consistent with the rates filed with the Montana Insurance Department.  By secretly embedding in the Chamber Choices premium extra charges in excess of the medical premium for the purpose of making illegal kickback payments or for purchasing other products that the Plaintiffs and the Class had not requested or authorized, in the course

of negotiations and prior to the existence of each plan, BCBSMT breached

the standard of ordinary and reasonable care and was negligent.

14.    As a direct and legal result of BCBSMT's negligence, Plaintiffs

and the Class suffered economic losses and are entitled to appropriate

relief.

15.    Either or both of the Defendants is/are the legal successor to

BCBSMT and is/are therefore liable for BCBSMT's negligence and

Defendant HCSC is directly liable for its own breach of contract as to

conduct that occurred after the transaction.

## COUNT II – COMMON LAW BAD FAITH

16.    Plaintiffs incorporate by reference all prior allegations.

17.    Defendants had at all material times a duty to act in good faith

with their insureds, including Plaintiffs and the Class, a duty that exists

independent of the insurance contract and independent of statute.  This

duty, which existed during the application process, required honesty in fact

and adherence to reasonable commercial standards of fair dealing in the

insurance business.

18.    By embedding in the Chamber Choices premium extra

surcharges in excess of the medical premium for the purpose of making

illegal kickback payments or for purchasing other products that the Plaintiffs

and the Class had not requested or authorized, by misleading Plaintiffs and

the Class and concealing its conduct and by serving its own interests at the

expense of Plaintiffs and the Class, all during negotiations and before each

plan existed, BCBSMT breached its duty to act in good faith.

19.    As a result of BCBSMT's breaches, Plaintiffs and the Class

suffered economic losses and are entitled to appropriate relief.

20.    Either or both of the Defendants is/are the legal successor to

BCBSMT and is/are therefore liable for BCBSMT's breach of the implied

covenant of good faith and fair dealing and Defendant HCSC is directly

liable for its own breach of the implied covenant and fair dealing as to

conduct that occurred after the transaction.

## COUNT III – NEGLIGENT MISREPRESENTATION

21.    Plaintiffs incorporate by reference all prior allegations.

22.    By acting as described herein, BCBSMT committed negligent

misrepresentation; to wit, BCBSMT (1) supplied false information in the

course of its business; (2) failed to exercise reasonable care in

communicating the information; (3) Plaintiffs and the Class justifiably relied

on the false information, which caused the their financial losses; (4)

Plaintiffs and the Class are part of a limited group of persons for whose

benefit and guidance the Defendant intended to supply the information; and

(5) Plaintiffs and the Class relied on the information in transactions that the Defendant knew the information would influence.

23.    As a result of BCBSMT's negligent misrepresentation, Plaintiffs and the Class suffered economic losses and are entitled to appropriate relief.

24.    Either or both of the Defendants is/are the legal successor to BCBSMT and is/are therefore liable for BCBSMT's negligent misrepresentation and Defendant HCSC is directly liable for its own negligent misrepresentation as to conduct that occurred after the transaction.

## COUNT IV – UNJUST ENRICHMENT

25.    Plaintiffs incorporate by reference all prior allegations.

26.    To the extent BCBSMT embedded in the Chamber Choices premium extra surcharges in excess of the medical premium for making illegal kickback payments or for purchasing other products that the Plaintiffs and the Class had not requested or authorized, while misleading Plaintiffs and the Class, concealing its conduct and serving its own interests at the expense of Plaintiffs and the Class, BCBSMT has unjustly been enriched to the same extent.

27.    BCBSMT should be disgorged of any and all illegal or
excessive premiums collected, and such funds returned to Plaintiffs and the
Class.

28.    Either or both of the Defendants is/are the legal successor to
BCBSMT and is/are therefore liable for BCBSMT's unjust enrichment and
Defendant HCSC is directly liable for its own unjust enrichment as to
conduct that occurred after the transaction.

## CLASS ALLEGATIONS

29.    Plaintiffs bring this action on their own behalf and on behalf of a
class of persons similarly situated pursuant to Rule 23, Montana Rules of
Civil Procedure.

30.    The Class is comprised of all persons who satisfy the following
criteria: all Montana consumers, including employers such as Plaintiff
Employers and employees such as Plaintiff Employees, who purchased
insurance from BCBSMT or were insured by BCBSMT under a "Chamber
Choices" insurance policy and who made premium payments that included
charges—that were set and communicated to Plaintiffs and the Class
during negotiations and before each plan existed—where the charges were
in excess of the medical premium (the charge for the insurance itself) and
were added into the medical premium in order to generate revenue to make

unlawful kickback payments or purchase other insurance products, within the applicable limitations periods.

31.     The Class is so numerous that joinder of all members is impracticable.  The Complaint concerns a routine insurance premium rate setting practice as set forth above.  There are questions of law or fact common to the Class.  BCBSMT's practice of embedding in the Chamber Choices premium surcharges in excess of the medical premium involved the same surcharges in the same amounts for all members of the Class and these premiums were set and communicated to Plaintiffs and the Class during the negotiations and prior to each plan's existence in the same way for all members of the class.  Therefore, the common questions include whether this conduct met the elements of each of the common law causes of action delineated above.  The claims of Plaintiffs are typical of those of the Class.  All claims of Plaintiffs and the Class are based upon the same factual and legal theories.

32.     Plaintiffs will fairly and adequately protect the interests of the Class.  Plaintiffs have no interest antagonistic to those of the Class. Plaintiffs' counsel are competent and experienced in consumer class actions.

33.    BCBSMT has acted on grounds generally applicable to the Class, thereby making final relief and declaratory relief appropriate with respect to the Class as a whole.

34.    The questions of law and fact common to the Class predominate over any question affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Class members are consumers who may be unable to locate or afford attorneys. Most are probably unaware that their rights under Montana law have been violated. The amounts of actual losses per consumer, while not insignificant to a consumer, are too small to make individual suits economically feasible, and thus a consumer class action is particularly well-suited to address violations and for recovery by the Class.

35.    The Class may be certified under Rule 23(b)(3), Mont. R. Civ. P., as such represents a superior method for the fair and efficient adjudication of this controversy in that:

(a)    Most of the Class members are not aware of their rights and have no knowledge that their rights have been violated.

(b)    The interest of class members individually controlling the prosecution of separate claims is small because of the limited losses per consumer.

(c)     Management of this class action is not likely to present significant difficulties.

(d)     Defendants acted on grounds generally applicable to the Class thereby making appropriate final injunctive and declaratory relief with respect to the Class as a whole.

(e)     Certification of a class under Rule 23 of the Montana Rules of Civil Procedure is appropriate in that Defendants have acted on grounds generally applicable to the Class thereby making appropriate declaratory relief with respect to the Class as a whole.

36.     Plaintiffs request certification of a class action.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of themselves and the putative class, respectfully requests the following relief against Defendants:

a.      That this honorable Court certify the Class and appoint Plaintiffs class representatives and its attorneys as class counsel;

b.      Repayment of all amounts charged by BCBSMT and paid by Chamber Choices consumers in excess of the medical premium as alleged above;

c.      An order of disgorgement and/or restitution, and/or other appropriate equitable relief;

d.      Attorney fees and costs of suit;

PAGE 14

e.      Pre-judgment interest to the extent permitted by law; and

f.      Such other and further relief as the Court may deem just and

proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, M. R. Civ. P., Plaintiffs hereby demand a trial by

jury of the issues triable by right by jury.

Dated this 30th day of May, 2019.


MORRISON SHERWOOD WILSON DEOLA PLLP
BISHOP & HEENAN


John Morrison
Linda M. Deola
John Heenan
*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I, John Martin Morrison, hereby certify that I have served true and accurate copies of the foregoing Complaint - Amended Complaint to the following on 05-31-2019:

Linda Deola (Attorney)
401 N. Last Chance Gulch
Helena MT 59602
Representing: Union Club Bar Inc, The Depot Inc, Trail Head Inc, Ed Wells, Doug Hutcheon
Service Method: eService

John C. Heenan (Attorney)
1631 Zimmerman Trail, Suite 1
Billings MT 59102
Representing: Union Club Bar Inc, The Depot Inc, Trail Head Inc, Ed Wells, Doug Hutcheon
Service Method: eService

Electronically Signed By: John Martin Morrison
Dated: 05-31-2019