

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| THE DEPOT, INC., a Montana Corporation, UNION CLUB BAR, INC., a Montana Corporation, and TRAIL HEAD, INC., a Montana Corporation, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CARING FOR MONTANANS, INC., F/K/A BLUE CROSS AND BLUE SHIELD OF MONTANA, INC., HEALTH CARE SERVICE CORP., and JOHN DOES I-X,<br><br>Defendants. | CV 19–113–M–DWM<br><br>OPINION<br>and ORDER |

Pending before this Court are Defendants' Motion to Dismiss (Doc. 4) and Plaintiffs' Motion for Remand (Doc. 12). For the reasons discussed below, this matter is remanded to the Montana's Fourth Judicial District Court, Missoula County.

### FACTUAL BACKGROUND

Plaintiffs The Depot, Inc., Union Club Bar, Inc., and Trail Head, Inc. are small Missoula businesses and members of the Montana Chamber of Commerce. They are also representatives of a putative class of similarly-situated employers.

1

Plaintiffs also originally included Ed Wells and Doug Hutcheon, employees of the business plaintiffs, and representatives of a putative class of similarly-situated employees. Defendants Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc. and Health Care Service Corp. are health insurance companies that marketed "Chamber Choices" insurance plans to Plaintiffs through the Montana Chamber of Commerce. Plaintiffs purchased and provided their employees with Defendants' "Chamber Choices" health insurance plans from 2006 until 2014. Plaintiffs allege, and the Montana Commissioner of Securities and Insurance found, that Defendants padded "Chamber Choices" insurance premiums with undisclosed surcharges used to provide monetary kickbacks to the Montana Chamber of Commerce. The Commissioner fined Defendants $250,000.00 for illegal insurance practices under Montana law.

In a parallel case involving the same parties and stemming from the same set of facts, Plaintiffs sued Defendants alleging violations of the Employee Retirement Income Security Act ("ERISA") and state insurance law. *See Depot, Inc. v. Caring for Montanans, Inc.* ("*Depot I*"), 915 F.3d 643 (9th Cir. 2019). The Ninth Circuit affirmed Judge Christensen's dismissal of the ERISA claims as unactionable for failure to request equitable remedies. *Depot I*, 915 F.3d at 650, 652. However, the Ninth Circuit reversed the dismissal of state law claims for failing to comply with Federal Rule of Civil Procedure 9(b)'s particularity requirement for fraud

2

allegations and allowed Plaintiffs to amend their complaint. *Id.* at 668.
Defendants petitioned the United States Supreme Court for a writ of certiorari,
which was denied on October 7, 2019. *Caring For Montanans, Inc. v. Depot, Inc.*,
--- S. Ct. ----, 2019 WL 4922669 (Oct. 7, 2019). On October 23, 2019, Judge
Christensen issued an order declining to exercise supplemental jurisdiction over
the remaining state law claims, *see* 28 U.S.C. § 1367(c), and dismissed *Depot I*
without prejudice. (*See* Notice, Doc. 24.)

Plaintiffs filed this case, *Depot II*, with the Fourth Judicial District Court of
Montana on June 16, 2016, three days after they filed the parallel case in Judge
Christensen's court. (Doc. 7.) Plaintiffs explain they filed the parallel state court
case to preserve their claims in case the federal district court found Plaintiffs'
claims could not be asserted under ERISA. (Doc. 21 at 6.)

On July 3, 2019, Defendants removed that parallel state case to this Court on
the ground that Plaintiffs' Amended Complaint alleged ERISA violations. (Doc.
1); *see* 28 U.S.C. § 1331. On August 2, 2019, Plaintiffs voluntarily dismissed the
individual employee plaintiffs, which effectively dismissed all federal law claims.
(Doc. 11.) Plaintiffs filed their notice of dismissal simultaneously with their
motion to remand. (Doc. 12.)

## SUMMARY CONCLUSION

Because Defendants failed to establish injury in fact sufficient to confer subject matter jurisdiction at the time of removal, remand is appropriate. *See* 28 U.S.C. § 1447(c). Even if that were not the case, this Court would, as Judge Christensen has, decline to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c).

## ANALYSIS

Defendants seek dismissal of this suit, arguing Plaintiffs failed to allege injury in their amended complaint and therefore lack standing to pursue their case under Article III. Plaintiffs do not disagree with the legal standard under Rule 12(b)(1) of the Federal Rules of Civil Procedure, but counter that they have alleged "a very specific injury." Further, Plaintiffs note Defendants removed this case to federal court (over Plaintiffs' objection) asserting the Court has jurisdiction, but now assert the opposite. (Doc. 21 at 9.)

Article III standing requires plaintiffs to allege they have suffered, are suffering, or will imminently suffer (1) an injury in fact (2) caused by the defendant (3) that is likely to be redressed by an award of the requested relief. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The party invoking federal jurisdiction bears the burden of establishing these three elements. *Id.* But, contrary to Defendants' motion, the remedy for a case in which a plaintiff lacks

Article III standing on removal is not dismissal but remand to the state court, for lack of Article III standing does not necessarily preclude a plaintiff from vindicating even a federal right in state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see Moore v. UPS*, No. 18-cv-07600-VC, 2019 WL 2172706, at *2 (N.D. Cal. May 13, 2019) (citing *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018)).

Here, because Defendants invoked federal jurisdiction by removing the case, they have the burden of establishing that all elements of jurisdiction, including standing, existed at the time of removal. Defendants admit they have not met this burden. Further, Plaintiffs objected to Defendants' removal of this case. Because Defendants have failed to meet their burden and both parties agree this case should not be heard in this Court, the proper remedy is to remand the case to state court. Judicial economy also favors remand as Defendants' removal followed shortly thereafter by a claim that this Court lacks subject matter jurisdiction is precisely the strategy the Seventh Circuit has previously characterized as a "dubious strategy . . . result[ing] in a significant waste of federal judicial resources, much of which was avoidable." *Collier*, 889 F.3d at 897.

Because the lack of subject matter is dispositive, the Court need not address

the parties' remaining arguments.[1]

## CONCLUSION

Accordingly, IT IS ORDERED that Plaintiffs' motion to remand (Doc. 12) is GRANTED. This matter is REMANDED to Montana's Fourth Judicial District Court, Missoula County. The Clerk is direct to transmit the case file to the state court. Defendants' motion to dismiss (Doc. 4) is DENIED as MOOT.

DATED this 30th day of October, 2019.

Donald W. Molloy, District Judge
United States District Court

---

[1] As mentioned above, even if this Court had supplemental jurisdiction, it would decline to exercise it. *See* 28 U.S.C. § 1367(c); *(see also* Doc. 24).